IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                    No.    CIV 02-0915 LH/LCS
                                                                CR 01-335 LH

STEVEN M. TOY,

    Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on Movant's (Toy's) Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 47), Motion for Appointment of Counsel (Doc. 48), and Motion to Reinstate Bail (Doc. 49), filed July 26, 2002. Toy, currently incarcerated and proceeding *pro se*, attacks the Amended Judgment and Sentence entered on April 17, 2002, in the case styled *United States of America v. Steven M. Toy*, and numbered CR 01-335 LH, United States District Court for the District of New Mexico. The United States Magistrate Judge, having considered the arguments of counsel, record, relevant law, and being otherwise fully informed, finds that these Motions are not well-taken and recommends that they be **DENIED**.

### PROPOSED FINDINGS

1.    On February 28, 2001, Toy was arrested in Lordsburg, New Mexico while driving a commercial vehicle. (Doc. 1.) On March 2, 2001, Toy was charged by criminal complaint with possession with intent to distribute 150.2 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). (*Id.*) On March 21, 2001, Toy was indicted with possession with intent to distribute more than 50

kilograms of marijuana and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. §2.  (Doc. 8.)

2. On March 2, 2001, Robert McDowell, Assistant Federal Public Defender, was appointed to represent Toy.  (Doc. 4.) On May 11, 2001, Mr. McDowell filed a Motion to Suppress on behalf of Toy, challenging the legality of the stop.  (Doc. 17.)  On September 25, 2001, Mr. McDowell filed a supplemental motion to suppress, asserting additional grounds.  (Doc. 28.)  The Court denied the Motions to Suppress after a hearing on October 23, 2001. (Doc. 32.)

3. On October 26, 2001, Toy pleaded guilty pursuant to a plea agreement.  (Docs. 34 and 35.)  In the plea agreement, the parties stipulated that Toy had demonstrated acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, was a minor participant pursuant to U.S.S.G. § 3B1.2(b), that if Toy met the criteria of U.S.S.G. § 2D1.1(b)(6) and U.S.S.G. § 5C1.2(1)-(5)("safety valve"), he would be entitled to a reduction of two levels, and that a sentence at the lowest end of the sentencing guidelines was appropriate. (Doc. 35 at 3-4.)  The plea agreement recounted that the parties understood the stipulations were not binding on the Court.  (Doc. 35 at 4.)

4. The Court ordered a Presentence Report (PSR).  The PSR established Toy's base offense level at 22.  (PSR ¶ 14.)  Toy's based level offense was adjusted downward by two levels because he was a minor participant in the offense, *see* U.S.S.G. § 3B1.2(b), and by three levels based on acceptance of responsibility, *see* U.S.S.G. § 3E1.1, for a total adjusted offense level of 17. (PSR ¶ 21.)  Toy did not received the additional two-level reduction for the safety valve.

5. The PSR found that Toy had ten adult criminal convictions and assessed points for five of them.  (PSR ¶¶ 25, 26, 28, 29, and 30.)  Pursuant to U.S.S.G. § 4A1.1(c), only four of the five criminal history points were counted.  (PSR ¶ 34.)  Two points were added because Toy was under

a criminal justice sentence at the time of the commission of the instant offense for a total of six criminal history points. *See* U.S.S.G. § 4A1.1(d).  Based on a total of six criminal history points, Toy was assigned to Criminal History Category III.  (PSR ¶ 35.)  With an adjusted offense level of 17 and a Criminal History Category III, Toy's guideline imprisonment range was 30 to 37 months. (PSR ¶ 60.)

      6.      In an addendum to the PSR, the probation officer noted that Toy's criminal history revealed that he received three points for relatively minor offenses.  (Addendum to PSR at 3.)  The addendum concluded that pursuant to U.S.S.G. § 4A1.1(d), Toy's criminal history would be better represented by Criminal History Category II. (Addendum to PSR at 3.)  A Criminal History category of II corresponds to two to three criminal history points. U.S.S.G. Chapter 5, Part A. With an adjusted offense level of 17 and a Criminal History Category III, Toy's guideline imprisonment range was 27 to 30 months. (Addendum to PSR at 3.)

      7.      Mr. McDowell filed a sentencing memorandum stating that Toy had no formal objections to the PSR, that Toy concurred that his criminal history was more accurately reflected at criminal history category II rather than III, that 27 months was an appropriate sentence, and that Toy should be permitted to self-surrender.  (Doc. 42.)

      8.      On March 26, 2002, the Honorable Bobby R. Baldock, United States Circuit Judge, agreed that Toy's criminal history category over-represented the seriousness of Toy's criminal history and that his criminal history category was best represented by Criminal History Category II. (Doc. 43.)  Judge Baldock then sentenced Toy to 27 months incarceration and three years of supervised release.  (Doc. 43.) On April 10, 2002,  the Honorable C. LeRoy Hansen, United States District Judge issued a Judgment stating that Toy was sentenced the 30 months incarceration, followed by

three years supervised release. (Doc. 44.) On April 17, 2002, Judge Hansen issued an Amended Judgment, stating that Toy was sentenced to 27 months incarceration, followed by three years supervised release. (Doc. 45.) Toy waived his right to file a direct appeal in the plea agreement and did not file a direct appeal.[1]

9. On July 26, 2002, Toy filed his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, (Doc. 47) raising the following issues:

 I. Whether Toy was denied effective assistance of counsel when counsel failed to object to expunged conviction being used to enhance criminal history score under Rule 32.

 II. Whether Toy was denied effective assistance of counsel when counsel's inaction caused Toy to not receive the safety valve reduction of U.S.S.G. § 5C1.2.

 III. Whether Toy was denied effective assistance of counsel when counsel failed to object to uncounseled prior convictions.

10. The § 2255 Motion, filed within one year of the Judgment and Sentence, is timely under the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2255. An evidentiary hearing is unnecessary because the motion, files and records of the case conclusively show that Toy is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 8(a), Rules Governing Habeas Corpus Under Section 2255.

11. Toy did not raise his claims on direct appeal. In general, "[a] defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can

---

[1] Toy does not assert that the plea agreement was involuntary, unknowing, in excess of statutory maximum, or the product of ineffective assistance of counsel. *See United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001) (holding plea agreement waiver unenforceable in certain instances).

show that a fundamental miscarriage of justice will occur if his claim is not addressed.'" *United States v. Talk*, 158 F.3d 1064, 1067 (10th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 167-68 (1982)). Ineffective assistance of counsel claims are an exception to this general rule and may be raised for the first time in a §2255 proceeding. *See United States v. Galloway*, 56 F.3d 1239, 1240-41 (10th Cir. 1995). Toy claims all involve ineffective assistance of counsel and they are not barred by the rule announced in *United States v. Frady*, 456 U.S. at 167-68.

12.     In order to obtain habeas relief for ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." *James v. Gibson*, 211 F.3d 543, 555 (10th Cir. 2000) (*citing Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To show that his counsel was constitutionally deficient, a movant must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In order to demonstrate prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.*

13.     Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. The inquiry is "'highly deferential' to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). A fair assessment of attorney performance requires a reviewing court "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. "An ineffective

assistance claim may be resolved on either performance or prejudice grounds alone." *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000); *see also Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995). Toy has failed to satisfy either prong of *Strickland*.

14. In his first claim, Toy asserts that counsel was ineffective in failing to object to the use of an expunged conviction to enhance his criminal history score. Toy argues that his 1998 Georgia conviction qualifies as an expunged conviction because his sentence was discharged under the Georgia First Offender Act. (PSR ¶ 26.) While it is true that expunged convictions are not counted in calculating criminal history, U.S.S.G. § 4A1.2(j), Toy has failed to come forward with any showing that the conviction was expunged. After he pleaded guilty to sale of cocaine in 1998, Toy was sentenced to seven years probation and fined $100. (*Id*.) On February 28, 2000, a warrant was issued for Toy, charging him with absconding from probation supervision. (*Id*.) On October 16, 2001, the Georgia court signed an order granting discharge of the sentence under the First Offender Act. (*Id*.)

15. In the Tenth Circuit "[a] conviction is 'expunged' for Guideline purposes only if the basis for the expungement under state law is related to 'constitutional invalidity, innocence, or errors of law.'" *United States v. Hines*, 133 F.3d 1360, 1364 (10th Cir. 1998). Toy has made no showing that the discharge of his sentence under the Georgia First Offender Act was related to constitutional invalidity, innocence, or errors of law. Accordingly, the sentence would not qualify as expunged within the meaning of U.S.S.G. § 4A1.2(j).

16. Toy's reliance on Ninth Circuit precedent in support of his expunction argument is misplaced for at least three reasons. This Court follows Tenth Circuit precedent and is not bound by the Ninth Circuit's holdings. Moreover, the cases cited by Toy, *United States v. Kammerdiener*, 945

F.2d 300 (9th Cir. 1991) and *United States v. Hildalgo*, 932 F.2d 805 (9th Cir. 1991), do not address the Georgia First Offender Act. Finally, the Ninth Circuit's reasoning in *Kammerdiener* has been expressly rejected by the Tenth Circuit. *See United States v. Wacker,* 72 F.3d 1453, 1479 (10th Cir. 1995). Thus, Toy's reliance on Ninth Circuit authority is unavailing.

17. Under controlling Tenth Circuit authority, any argument that the sentence was expunged would have been without merit. *See United States v. Hines*, 133 F.3d at 1364. Defense counsel's decision against raising a meritless argument does not constitute ineffective assistance of counsel. *See United States v. Cook*, 45 F.3d at 392-393. Additionally, even if the 1998 Georgia conviction had not been counted, Toy would have been left with three criminal history points. Three criminal history points corresponds to a Criminal History Category II. The Court assigned Toy to Criminal History Category II. Therefore, Toy suffered no prejudice because the inclusion of the Georgia conviction did not alter his sentence. Thus, Mr. McDowell was not ineffective in failing to object to the use of the allegedly expunged state conviction.

18. Toy argues that Mr. McDowell was ineffective in failing to argue for a two-level safety valve reduction under U.S.S.G. § 2D1.1(b)(6) and U.S.S.G. § 5C1.2(1)-(5). In order to qualify for a safety valve reduction, *inter alia,* the defendant must have no more than one criminal history point. *See* U.S.S.G. § 5C1.2(1)-(5). Toy had a total of six criminal history points; four for prior convictions and two because he was on probation when he committed the instant offense. (PSR ¶¶ 33-35.) Thus, Toy was ineligible for the safety valve reduction. Counsel was not ineffective by failing to raise a meritless argument. *See United States v. Cook*, 45 F.3d at 392-393. Toy's second argument is without merit.

19. Toy contends that he received ineffective assistance of counsel when Mr. McDowell

7

failed to object to uncounseled prior convictions. Prior convictions are entitled to a presumption of constitutional validity. *United States v. Windle*, 74 F.3d 997, 1001 (10th Cir. 1996). Once the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm. *Id*. A mere assertion that the prior conviction was uncounseled is insufficient to rebut the presumption. *Id*. Toy has come forward with no showing that his prior convictions were constitutionally infirm. Counsel was under no duty to raise a meritless argument. Additionally, Toy has failed to show that he was prejudiced by counsel's performance. Toy's §2255 motion should be denied because all of his claims lack merit.

20.    Toy moves for appointment of counsel. There is no constitutional right to counsel in a proceeding brought under 28 U.S.C. § 2255. The decision of whether to appoint counsel is left to the discretion of the Court. Ordinarily, there is no reason to appoint counsel unless the case has reached the stage of the proceedings where an evidentiary hearing is required. *See e. g., United States v. Leopard*, 170 F.3d 1013 (10th Cir. 1999). There is no need for an evidentiary hearing in this case and I find that appointment of counsel would be inappropriate. Accordingly, Toy's request for appointment of counsel should be denied. Toy also moves for reinstatement of bail. In light of the recommendation on the merits, the request for bail should be denied as moot.

## RECOMMENDED DISPOSITION

I recommend that Toy's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 47), Motion for Appointment of Counsel (Doc. 48), and Motion to Reinstate Bail (Doc. 49), filed July 26, 2002, be **DENIED.**

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations

that party may, pursuant to 28 U.S.C. §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**